## Gearhart v. McClerg.

(Decided March 25, 1921.)

### Appeal from Rowan Circuit Court.

Boundaries—Location of Division Line—Evidence.—Where the only question in a land case is the location of the line between the parties and there is substantial evidence tending to sustain the finding of the chancellor and judgment is not against the weight of the evidence, it will be affirmed.

B. S. WILSON for appellant.

CLAY & HOGGE for appellee.

Opinion of the Court by Judge Sampson—Affirming.

McClerg and Gearhart own adjoining land, all of which was formerly owned by one Fulton. One part was conveyed by Fulton to a man named Mark and after passing through several hands came in part to appellee McClerg in 1908, while the other portion of his land Fulton conveyed to a man named Gearhart and this tract came to and now is owned by appellant Gearhart.

This litigation arose between McClerg and Gearhart when they undertook to locate a road which they had agreed should be on the line between their lands. Appellee McClerg claims the line between them should run N. 42 W. 148 poles, while appellant Gearhart contends that the dividing line should be laid down N. 47 W. 148 poles.

When this dispute came up Gearhart insisted the road which he was about to construct on the property line between them should be run N. 47 S. 148 poles, and as McClerg objected to this, threatened to tear down the fencing of McClerg and make the road through a field of rye claimed by the latter. To prevent this appellee McClerg brought this action to obtain an injunction, and to be adjudged the owner of the strip of land—about six acres—in dispute. After preparation and submission of the case, the chancellor adjudged the disputed strip to the plaintiff, now appellee, and also granted an injunction stopping Gearhart from going beyond the line N. 42 W. claimed by McClerg.

Gearhart appeals, insisting that the judgment should be reversed for the following reasons set out in his brief:

(1) That the plaintiff has no title, either paper or possessory, to said tract of land.

(2) The plaintiff shows no possession, either actual or constructive, of said tract of land at the time he instituted the suit.

(3) The pleadings are not sufficient to sustain the judgment.

(4) The proof was not sufficient to support the judgment of the court in fixing N. 42 W. as the true line instead of N. 47 W., or to warrant the court in granting the perpetual injunction contained in the petition.

(5) The judgment is against the preponderance of the evidence.

(6) There is no evidence to sustain the judgment.

Appellant insists that the pleadings are insufficient to support the judgment, but we can not consent to this in-

sistence.   The pleadings of plaintiff are not perfect but they do show his ownership and claim to the land with reasonable certainty.   No demurrer was filed to the petition and after judgment all doubts are resolved in favor of the assailed pleading.   The rule is otherwise before judgment.   Davis v. Wiley, 3 R. 315.

A number of deeds are introduced on each side but neither party denied the ownership of the other to the tract of land described in his deed except to the extent of the lap between them.   The original line made by Fulton when he divided the land and sold part to the predecessor in title of appellee McClerg, and the remainder to the predecessor in title of appellant Gearhart, described the line as N. 42 W.   This line has not since been changed. In some of the subsequent conveyances the line of that portion claimed by the appellant Gearhart is described as N. 47. W., and this is what brought about the controversy.   The evidence in depositions is rather lengthy and the issue of fact is sharply drawn.   The chancellor might well have decided the issue of fact either way according to the credibility of the witnesses and the other things which transpired at the trial of which we know nothing.   The judgment is not against the weight of the evidence.   There is sufficient evidence to support the judgment, and in such case we are not at liberty to disturb the finding of the chancellor.

Judgment affirmed.